J. Vincent Keogh, J.
This is a proceeding for the settlement of the final account of a trustee of a testamentary trust, for a construction of the will and codicils, and for fixation of the compensation of the trustee ’s attorneys.
Henry A. Patterson (the decedent) died on February 9, 1897, and Ms will and the codicils thereto were probated in the Surrogate’s Court, Kings County.
Article I of the will provides that the sum of $15,000 be held in trust to apply the income therefrom to the use of the decedent’s daughter, Annie C. Patterson, during her- life or until her marriage, and upon the happening of either event the principal of said trust (hereinafter referred to as the trust) should become part of the decedent’s residuary estate.
Article II directs that the residuary estate of the decedent be held in trust for the benefit of Ms wife, Eleanor S. Patterson, during her life, and provides that upon her death one half of said residuary estate should be paid to Ms wife’s testamentary appointees and that the other half of the residuary estate should be divided equally “ among my lawful children share and share alike, the lawful children if any of a deceased child to then take the share that the parent would take if living, qr if a son of mine he deceased leaving a widow hut no lawful children then such widow if surviving to take the share her husband would take if living. ’ ’ The first codicil to decedent’s will dated November 16, 1889, modified article II of the will by providing that if any of the testator’s sons should become insolvent and have *183 creditors who might attach his share of the residuary estate, the same should not be paid to him outright but should be held in trust for his benefit Until he is free of debt, whereupon, Or upon his death, the principal of his share should be paid to him or to his testamentary appointees.
The second codicil dated May 26, 1894, modified article I of decedent’s will by providing that $1,400 be deducted from the corpus of the Annie 0. Patterson trust and that said sum be deducted from her share of the one half of the residuary estate distributable upon the death of the decedent’s wife.
Henry A. Patterson was survived by his wife and seven children. The testator’s widow, Eleanor §>. Patterson, died unremarried on February 14,1919, leaving a will and three codicils thereto which were probated in the Surrogate’s Court, King's County. Her residuary estate, including the appointive fund, Was bequeathed to her children and issue of predeceased children her surviving, per stirpes, with the same provisions for insolvent sons as in her husband’s will. She was survived by five children and by the issue of two decased children.
A judgment of this court dated June 1, 1920, as modified by an order dated January 26, 1921, construed the respective wills and codicils of the decedent and Eleanor S. Patterson. It determined inter alia that the one-seventh shares distributable to ■Henry T. Patterson and Charles H. Patterson (two insolvent Sons) out of the one half of the residuary trust principal, which passed directly under the will of the decedent, as well as out of the remaining one half of the residuary trust by virtue of exercise of the power of appointment, should be held in trust for their benefit. In making said judgment and order, this court was primarily concerned with the disposition of testator’s residuary estate under articles II and III and not with the distribution of the corpus of the Annie C. Patterson trust under article I. At that time she was alive.
The residuary estate under article II of the decedent’s will had theretofore been held in trust for one life only, that of the testator’s widow Eleanor, and there was no obstacle to its further suspension for the life of Henry as to one seventh and for the life of Charles as to one seventh. The total period of suspension of each share was not in excess of the two lives permitted by statute (Eeal Property Law, § 42; Personal Property Law, § 11).
The fund now accounted for passed on the death of Annie C. Patterson into decedent’s residuary estate. It cannot be held in trust for the life of testator’s widow; she predeceased Annie 0. Patterson and it must pass to her appointees under the terms of her will. Five sevenths of the fund so descends free of trust *184 and presents no problem. Again, the maximum period of suspension has not been exceeded. The remaining two sevenths was appointed by the widow in trust to Henry T. Patterson and Charles A. Patterson, each predeceased Annie C. Patterson and each appointed his share of the fund.
While it is clear that an illegal suspension of the absolute power of alienation might have occurred, this court is not required to view the facts from a 1920 vantage point and close its eyes to what actually happened. The possibility that Henry and Charles Patterson might survive Annie C. Patterson would have justified this court in 1920 in striking some part of the donee’s exercise of the power granted by decedent. It is now established that the possible second and third suspensory lives predeceased the first life. Therefore, the two sevenths with which we are concerned has been suspended for one life only, that of Annie C. Patterson. The several appointments to which it has been subjected serve not to suspend it further but merely to determine in whom it now vests.
The court accordingly concludes that the fund is distributable — one seventh to Katherine T. Barkema, assignee of Henry T. Patterson’s appointee, and one fourteenth to each of Elizabeth Eoquemore and Howard Patterson, sole distributees of Charles H. Patterson’s appointee.
Petitioner is directed to make appropriate adjustment of the share of the Annie C. Patterson estate to comply with the codicil of May 26, 1894. The other relief sought is granted.
The compensation of petitioner’s attorneys will be fixed in the decree which is to be settled on notice.